JODI LINKER
Federal Public Defender
Northern District of California
GRAHAM ARCHER
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: Graham_Archer@fd.org

Counsel for Defendant Taylor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LOVELL TAYLOR,<br>Defendant. | **Case No.:** CR 21–242 YGR<br><br>**DECLARATION OF GRAHAM ARCHER IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**<br><br>**Court:** Courtroom 1, 4th Floor<br>**Hearing Date:** July 21, 2022<br>**Hearing Time:** 9:00 a.m. |

I, Graham Archer, declare the following:

1. I am an Assistant Federal Public Defender, and in that capacity I have been appointed to represent defendant Lovell Taylor.
2. Attached as Exhibit 1 to this declaration is a true and correct copy of the Contra Costa Sheriff's Department's policy order for Mobile Audio Video & Body-Worn Cameras (Order No. 1.06.82) as produced by the government in response to a defense discovery request.
3. I also requested in discovery any dash camera (MAV) or body camera (BWC)

recordings of the traffic stop and ensuing searches and interrogations. I was informed by government counsel on April 12, 2022 that their understanding is that there is no body camera or vehicle camera footage, but they were still attempting to confirm this with the Sheriff's Department. No footage has been produced.

4. Attached as Exhibit 2 to this declaration is a copy of a Contra Costa Sheriff's report relating to the incident in question. This report was produced in discovery in this case. It is a true and correct copy of the report produced, except that certain personally identifiable information was redacted by the defense prior to filing.

5. Attached as Exhibit 3 to this declaration is a copy of a Computer Aided Dispatch report relating to the incident in question. This report was produced in discovery in this case. It is a true and correct copy of the report produced, except that certain personally identifiable information was redacted by the defense prior to filing.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2022, in Oakland, California.

GRAHAM ARCHER

# EXHIBIT 1

| Contra Costa County<br>**Office of the Sheriff**<br>General Policy and Procedure | **CCCSO** | **NUMBER: 1.06.82** |
|---|---|---|
| | **RELATED ORDERS:**<br>Office of the Sheriff Policy Sections: 1.06.71, 1.06.73, 1.06.74, 1.06.77, 1.06.78, 1.07.53, 1.07.58. AB 459 (eff. 1-1-2018) adding Gov. Code §6254.4.5. | |
| **ISSUE DATE:** 11-20-2014<br>**REVISION DATE: 10-30-2018** | **CLEARANCE:**<br>**Office of the Sheriff** | |
| **CHAPTER:**<br>**Office of the Sheriff Operations** | **SUBJECT:**<br>**Mobile Audio Video & Body-Worn Camera** | |

## I. POLICY

A. This policy is applicable to personnel operating Mobile Audio Video (MAV) or Body-Worn Camera (BWC) recording systems. Such systems are used to record Deputies in the performance of their duties by providing a visual and/or audio record of their activities, as outlined in this policy. Video recordings are intended to provide an objective visual/audio record of the incident and to augment the Deputy's report.

B. The purpose of this equipment is to accurately document the events, actions, conditions and statements made during vehicle stops, pedestrian stops, arrests, disruptive inmate confrontations, medical responses and other critical incidents in order to verify the accuracy of crime reports, jail incident reports, collection of evidence, and testimony in court. Recordings also enhance the ability to review procedures for the purpose of employee evaluation and training.

C. Deputies will make every reasonable effort to record such contacts and incidents listed in section B above. If circumstances prevent a Deputy from recording such a contact, then this must be documented with the explanation in any subsequent report.

## II. DEFINITIONS

A. MOBILE AUDIO VIDEO (MAV) & BODY WORN CAMERA (BWC) RECORDING SYSTEMS. For purposes of this policy, these systems refer to equipment mounted on a movable object, such as a dashboard camera in a vehicle, or mounted to an aircraft, or may also refer to video equipment affixed to a person, such as body-worn or lapel cameras. References in this policy to video recording systems are in regards to all types of mobile systems, including vehicle and body-worn cameras.

## III. LEGAL ISSUES

A. Body-worn camera equipment and all data, images, video and metadata captured, recorded, or otherwise produced by the equipment is the property of the Sheriff's Office. Use of body-worn cameras for any purpose other than in accordance with this policy is prohibited.

1. BWC equipment purchased and maintained by Sheriff's Office Contract Cities shall remain the property of the city; however, the equipment shall be operated in accordance with this policy.

B. Employees shall not **surreptitiously** record department personnel without their expressed permission.

## IV. TRAINING & ASSIGNMENT

A. Deputies shall not use a recording system until they have been trained in its proper use and care.

B. Training will be provided by a qualified trainer, will be documented, and will consist of a review of the recording system, its functions, usage, and recommended activation.

C. Deputies who have been assigned to a vehicle equipped with a MAV recording system shall use it and the portable audio transmitters pursuant to the provisions outlined in this policy.

D. Deputies who have been assigned a BWC recording system and deployed with it during the course of their respective shift shall wear and use it pursuant to the provisions outlined in this policy.

E. BWC recording systems shall be assigned to the following Deputies in Detention Facilities:

1. Intake Deputies working in booking facilities.

2. Escort Deputies.

3. SERT supervisors during cell extractions and other disturbances.

4. Other Deputy assignments as determined by the Facility Commander.

## V. DEPUTY RESPONSIBILITIES

A. Employees are responsible for the reasonable care and maintenance of recording equipment issued or assigned for their use.

B. The systems will be operated according to the manufacturer instructions and recommendations.

C. Deputies shall be certain that their MAV/BWC recording system is fully charged at

the start of his or her shift. At the conclusion of their shift, Deputies shall ensure their MAV/BWC system is powered down and no longer recording.

D. At the beginning of each shift, Deputies shall determine whether their recording equipment is working satisfactorily. If a MAV/BWC system malfunctions or becomes inoperable during the Deputy's shift, this shall be noted in all written reports in which a recordable incident occurs. The Deputy shall immediately report the malfunctioning equipment to his/her supervisor. The Deputy will make every reasonable effort to acquire a replacement BWC once it is discovered to be inoperable.

E. Deputies shall only use those devices issued by the Office of the Sheriff or designee (i.e. Contract City). All devices must be approved by the Division Commander or Facility/Station Commander.

F. Officers shall wear body-worn cameras above the midline of their torso and in position designed to produce an effective recording.

## VI. SUPERVISOR RESPONSIBILITIES

A. Patrol vehicles with MAV recording systems shall be deployed whenever possible and should be utilized prior to a vehicle without a video camera system.

B. The shift supervisor is responsible for issuing BWC recording equipment and logging the assignments during lineup or at the beginning of the shift.

C. The shift supervisor shall ensure issued BWC equipment is returned at the end of the shift.

D. Supervisors are responsible for ensuring Deputies download video files and recharge the equipment from the previous shift as early in their shift as practical, to ensure it will be ready for the following shift.

E. Supervisors shall, upon learning a MAV/BWC is inoperable, make arrangements to have the device fixed or replaced.

F. Supervisors who are made aware a Deputy's BWC has become inoperable during the Deputy's shift will make a reasonable effort to provide a working device to the Deputy, if one is available.

G. Supervisors may review video recordings at any time for approved purposes, such as training, reviewing a Deputy's performance, resolving citizen complaints, or during any necessary administrative inquiry. If, after reviewing a recording, a supervisor has developed cause for further inquiry (officer safety, use of proper procedures, or other administrative or operational issues), the recording may be used for such authorized inquiries or investigations.

## VII. ACTIVATION

A. MAV recording systems can be activated either automatically (depending on the device specifications and settings) or manually. BWCs can only be activated

manually.  The systems need not be recording during normal shift activity. However, if either system (BWC or MAV) is intentionally activated (either automatically or manually) to record an incident, it shall remain on until the incident has reached a conclusion.

1. For a primary Patrol unit, the term "conclusion" in this context means when the Deputy places the arrestee into the Patrol vehicle, releases an involved subject, or turns the subject over to a third party.

2. For assisting Patrol units, the term "conclusion" in this context means the assisting Deputy has left the scene.

3. In a Detention Facility, the term "conclusion" in this context means when the combative or resistive inmate(s) has been secured inside a housing unit cell, holding cell or safety cell, the inmate(s) has been medically cleared (if applicable),  and Central Control has acknowledged the situation is "Code Four."

B. The MAV/BWC recording systems shall be activated as soon as practical and safe to record the following incidents:

1. All vehicle stops, including DUI's.

2. All pursuits, or suspects attempting to evade arrest.

3. Major incidents (fires, explosions, protests, rescues via helicopter, critical incidents, etc.), any Code 3 response or when responding to an emergency or "in progress" type of crime or incident (Felony or Misdemeanor).

4. Suspect(s) held or transported in the rear of the patrol car.  The recording of suspects shall continue through the pre-booking process, or until the suspect is turned-over to custody staff.  Additionally, all transports or courtesy transports shall be recorded.

5. Major traffic accident investigations.  (Deputies may use discretion during lengthy accident investigations and turn off the camera once the scene has been stabilized).

6. Investigative contacts such as Field Interviews, In-Field show-ups, and suspicious subject contacts.

7. Detention Deputies should activate BWC equipment before dealing with hostile inmates, before any anticipated use of force, and as soon as they realize a situation is escalating.  The equipment shall be activated before responding to notice of a combative arrestee being brought into the jail for booking.  BWC equipment shall be activated before escorting inmates who are known to be hostile, combative, or who routinely make allegations of excessive use of force. BWC equipment shall be activated when responding to any code called in the facility.

8. Any other incident where the Deputy deems it necessary to gather and retain evidence.

9. Deputies should make every reasonable effort to record non-enforcement contacts should they become confrontational, assaultive, or enforcement-oriented.

C. Deputies are not required to advise or obtain consent from a citizen when:

1. In a public place; or

2. In a detention facility or temporary holding facility;

3. In a location where there may be an expectation of privacy but the Deputy is lawfully present.

D. Deputies will notify the supervisor as soon as practical, of any recorded sequences that may represent significant evidence. The supervisor will determine if a copy of the recording should be made and placed into evidence.

E. No employee shall modify, alter, erase or record over any portion of an audio/video recording.

F. Deputies shall not be required to activate body-worn cameras when engaged in conversations with individuals with whom the officer is in a privileged relationship (e.g., spouse, attorney, police peer counselor, labor representative, minister, etc.).

G. In general, Deputies should not activate BWC equipment and/or use caution when entering a public locker room, changing room, restroom, jail showers, doctor or lawyer offices or interviews, or other places where individuals unrelated to the law enforcement incident are present and would have a heightened expectation of privacy.

H. BWC equipment shall not be activated during routine inmate strip searches, unless the situation becomes combative and/or violent.

I. No recording or portion thereof may be copied or released without the approval of the Division or Facility Commander. Requests for copies made pursuant to the Public Records Act shall be handled in accordance with Section XI. C. and D. Copies may be made for court or at the request of the District Attorney's Office and County Counsel. Copies of recordings for training purposes require prior approval from the Division or Facility Commander.

## VIII. REVIEW OF RECORDINGS

A. Recordings may be reviewed in any of the following situations:

1. By a supervisor reviewing a Deputy's performance.

2. By a department detective who is engaged in an official investigation.

3.   By the recording Deputy who needs to review his or her own recordings for report preparation or sworn testimony.

4.   Recordings may be shown for the purposes of training value with prior review and approval of the Division or Facility Commander.  If an involved Deputy objects to the showing of a recording, his/her objection will be submitted through the Chain of Command to determine if the training value outweighs the Deputy's objection to showing the recording.

5.   Deputies desiring to view any recording, not their own, shall submit a request in writing to the supervisor.

6.   By authorized Departmental personnel for purposes of potential or actual litigation review and preparation, and by authorized personnel of the County's Risk Management Division and County Counsel.

7.   In no event shall any recording be used or shown for the purpose of entertainment or ridicule.

8.   Recordings will not be posted to any social media internet site without the approval of the Bureau Assistant Sheriff.

## IX.   DOCUMENTING USE

A.   Any incident recorded by a MAV or BWC system shall have a notation in the synopsis of the report indicating that there is video/audio evidence.  If a citation is issued during a citizen contact of which a recording was made, the front of all copies shall have the notation, "VIDEO ON FILE" indicating there is video/audio evidence.

B.   The Department recognizes that video images cannot always show the full story nor do video images capture an entire scene. The use of body-worn cameras does not reduce the requirement to provide thorough written documentation of an incident. Persons reviewing recordings must also be cautious before conclusions are reached about what the recordings show.

## X.   VIDEO MEDIA STORAGE AND INTEGRITY

A.   Evidence videos may be booked in hard copy formats (e.g., DVD, Thumb Drive) or "soft" copy format into a server solution (cloud or local) that is CJIS compliant and approved by the Division Commander or Contract City Chief.  The method of booking the videos shall be documented in the incident or crime report.

B.   All video/audio recordings that are not booked into evidence in a "hard" copy format will be retained in approved storage for a period of two years, after which they will be deleted if no longer needed for an ongoing proceeding.  Recordings relevant to on-going criminal or civil proceedings must be retained for so long as the proceedings are pending.

C.      The Station House, Facility Commander, or Technical Services designee shall maintain control of all media storage resources relating to equipment used at their respective work station.

## XI.   COPIES OF VIDEO/AUDIO RECORDINGS

A.      MAV/BWC recordings shall not be used for any purpose other than as outlined in this policy.

B.      Stored recording media copies may be released in response to:

    1.      A Public Records Act Request (but see C and D, below);
    2.      A valid court order or subpoena (see Section XIII, below);
    3.      To the District Attorney's Office for purposes of prosecution;
    4.      To authorized Departmental personnel for purposes of review, investigation, training, or potential or actual litigation defense;
    5.      To County Counsel; or
    6.      Upon approval by the Division or Facility Commander.

C.      MAV/BWC recordings are subject to the Public Records Act and shall be released except where an exemption, such as the "investigations" exemption (Govt. Code 6254(f)), applies. Generally, investigative video recordings shall not be released pursuant to a Public Records Act request, but a release may be authorized under the provisions set forth in "D" below.

D.      MAV/BWC recordings may be released to the public and to the media upon the specific approval of the Division or Facility Commander where such release will assist the interests of justice. However, a recording that was created during the commission or investigation of the crime of rape, incest, sexual assault, domestic violence, or child abuse that depicts the face, intimate body part, or voice of a victim of the incident depicted in the recording, shall not be released except upon the approval of the FOB Assistant Sheriff. If a decision is made not to release such video, the denial letter provided to the requester shall justify withholding such a video or audio recording by demonstrating, pursuant to Section 6255, that on the facts of the particular case, the public interest served by not disclosing the recording clearly outweighs the public interest served by disclosure of the recording.

## XII.   RECORDINGS AS EVIDENCE

A.      If a hard copy of a MAV/BWC recording is booked into evidence, it shall be packaged and labeled and a Chain of Custody Label is to be affixed to the outside of the packaging in the same manner as other property and the collection and disposition of such evidence shall be referenced in the crime report (see Section IX.A).

B.      If a soft copy of a MAV/BWC recording is booked into a digital evidence storage solution, it shall be identified by the case number and the retention status will be changed to an evidence category allowing for indefinite storage until the evidence is

no longer needed and manually deleted.

## XIII. EXTERNAL REQUESTS - PROCEDURE FOR DISCOVERY OF EVIDENCE AND CITIZEN REVIEW

A. Upon receipt of a subpoena, a supervisor or designated Custodian of Records will be responsible to make a copy of the requested recording or segment thereof as ordered by the court or other authorized party. The procedure to complete the discovery recording copy process will be as follows:

1. A supervisor will make a copy of the identified video recording from video recording storage.

2. The supervisor will forward the discovery copy of the recording to the court pursuant to established procedures.

3. Recordings shall not be released under informal discovery requests, i.e. without a subpoena.

## XIV. INTERNAL REQUESTS - PROCEDURES FOR DISCOVERY OF EVIDENCE

A. Upon written or email request by a Deputy or other staff member who requires a copy for court or administrative purposes (other than an Departmental Personnel specifically authorized to view the video pursuant to Sections VIII and XI), a supervisor or designated Custodian of Records will be responsible to make a copy of the requested recording. The procedure to complete the recording copy process will be as follows:

1. A supervisor will make a copy of the identified video recording(s) from video recording storage.

2. The supervisor will then forward the copy of the original recording(s) to the Deputy or staff member.

## XV. REQUEST FOR DELETION OF ACCIDENTAL RECORDINGS

A. In the event of an activation of a BWC where the resulting recording contains personal and/or private conversations of a Deputy unrelated to any ongoing criminal or Internal Affairs investigation, or otherwise has no valid official purpose, and which has no apparent evidentiary or investigatory value, a Deputy may request the deletion of he accidentally recorded BWC video file by submitting a written request to the Division or Facility Commander. If the Commander determines the BWC recording meets the above criteria, the video file may be deleted after 30 days.

B. In the event of an accidental activation of a BWC where the Division or Facility Commander determines a BWC recording contains the personal and/or private conversations or images of any other individual unrelated to an ongoing criminal or Internal Affairs investigation, or otherwise has no valid purpose, and which has no apparent evidentiary or investigatory value, it may be deleted after 30 days by direction of the Commander.

# EXHIBIT 2



# CONTRA COSTA, COUNTY OFFICE OF THE SHERIFF

**CA0070000**

**651 Pine St, Martinez, CA 94553**

| Report Number | Sup. No. |
|---|---|
| 200010688 | ORIG |

| Beat |
|---|
| 20 |

| Arrest? | Domestic Viol? |
|---|---|
| Yes | No |

## Incident

| Report No. | Supp. No. | Rpt. Date | Rpt. Time | Assignment | Status | Confidential? | Empl. No / ID |
|---|---|---|---|---|---|---|---|
| 200010688 | ORIG | 10/15/2020 | 02:39 | MUI | Report To Follow | No | 75764 |

| From Date | From Time | To Date | To Time | Use Of Force | Call Type | CAD Call No. |
|---|---|---|---|---|---|---|
| 10/15/2020 | 02:39 | | | None | 1700 | 202890068 |

| Location | City | Zip |
|---|---|---|
| WB SR 4/SOLANO WY | MARTINEZ | 94553 |

| Evidence | Finger Print | Body Camera | Vehicle Camera | Elder Abuse | Strang. or Suffoc. SB40 | Victim Response | Marsy's Law | Missing Value | Damaged Value |
|---|---|---|---|---|---|---|---|---|---|
| Yes | No | No | No | No | No | No | No | | |

## Offense

| Offense No. | Offense | Description |
|---|---|---|
| 1 | PC29800A1 | Poss.Firearm By Ex-Felon (F) |
| 2 | PC25850C6 | Carry Loaded Weapon Not Reg Owner |
| 3 | PC25400A1 | Concealed Weapon in a Vehicle |
| 4 | PC30305A1 | Possession of Ammunition by Felon |
| 5 | PC12032F | Probation violation-felony |
| 6 | PC3056 | Violation Of Parole |

## Cross Reference

No Cross Reference found

## Synopsis

On 10/15/2020, I was working county patrol assigned to Muir Station. At approximately 0239 hours, I conducted a traffic enforcement stop of a black Ford Expedition for CVC 22350 - speeding and CVC 22107 - fail to use turn signal. A records check of the vehicle through Sheriff's Dispatch also revealed the vehicle's registration was expired. I contacted the occupants of the vehicle and learned the right rear seat passenger (ARR-Lovell Taylor) was on active CDC parole and felony probation out of Alameda County. A search of the area where Taylor was seated revealed a black hand bag containing a loaded Glock 21 .45 caliber handgun along with a fully loaded 26 round magazine for the firearm.

Under Miranda Taylor admitted to knowing the firearm was in the vehicle within his reach but denied ownership of the handgun.

I contacted CDC parole who issued a parole hold for Taylor. See attached copy of the parole hold and felony probation abstract for Taylor.

Taylor was transported to the Martinez Detention Facility and booked on the listed charges.

Sgt. Meth was advised.

## Person

Distribution List

**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) | Date/Time Written | Disposition |
|---|---|---|
| DYER,JORDAN | 10/15/2020 23:41:00 | Referred |
| **Approving Supervisor (Print)** | **Supervisor ID.** | **Date/Time** |
| GARIBAY,ADALBERTO | 55477 | 10/16/2020 01:15:36 |

# CONTRA COSTA, COUNTY OFFICE OF THE SHERIFF

| Report Number | Sup. No. | |
|---|---|---|
| 200010688 | ORIG | Page 2 of 9 |

## Arrested Person

| Invl. No. | Name | Type | Dom. Vol. | Juvenile | DOB | Age | To Age |
|---|---|---|---|---|---|---|---|
| 1 | TAYLOR,LOVELL | Individual | No | No | [redacted] | 34 | |

| Race | Sex | Height | To Height | Weight | To Weight |
|---|---|---|---|---|---|
| Black | Male | 601 | | 180 | |

| Hair | Eye | Skin | General Appearance | Build |
|---|---|---|---|---|
| Brown | Brown | Black | | Average |

| Hair Description | Facial Features |
|---|---|
| Bald | |

| Deformity | Speech | Demeanor | Mask | Glasses |
|---|---|---|---|---|
| | | Nervous | | |

| Body Clothing | Further Description |
|---|---|
| | |

### Address

| Address Type | Location | City | State | Zip |
|---|---|---|---|---|
| Home | [redacted] | [redacted] | [redacted] | [redacted] |

### Phone Number

| Phone Type | Phone Number |
|---|---|
| Cell | [redacted] |

### Email

| Email Type | Email Address |
|---|---|
| | |

### ID Number

| ID Number Type | ID Number | License State |
|---|---|---|
| Operator License | [redacted] | California |

### SMT

| Type | Code | Description |
|---|---|---|
| | | |

### Alias

| Alias Name | Race | DOB |
|---|---|---|
| | | |

### Employment or School

| Employer/School | Position | Location | City | Phone Number |
|---|---|---|---|---|
| | | | | |

### Offense Link

| Link | Offense No. | Offense | Description |
|---|---|---|---|
| Arrest | 1 | PC29800A1 | Poss.Firearm By Ex-Felon (F) |
| Arrest | 2 | PC25850C6 | Carry Loaded Weapon Not Reg Owner |
| Arrest | 3 | PC25400A1 | Concealed Weapon in a Vehicle |
| Arrest | 4 | PC30305A1 | Possession of Ammunition by Felon |
| Arrest | 5 | PC12032F | Probation violation-felony |
| Arrest | 6 | PC3056 | Violation Of Parole |

## Other

| Invl. No. | Name | Type | Dom. Vol. | Juvenile | DOB | Age | To Age |
|---|---|---|---|---|---|---|---|
| 2 | TEUILA,FAILAUGA | Individual | No | No | [redacted] | 31 | |

| Race | Sex | Height | To Height | Weight | To Weight |
|---|---|---|---|---|---|
| Other | Female | 506 | | 125 | |

| Hair | Eye | Skin | General Appearance | Build |
|---|---|---|---|---|
| Black | Brown | Brown | | Average |

Distribution List
**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) | Date/Time Written | Disposition |
|---|---|---|
| DYER,JORDAN | 10/15/2020 23:41:00 | Referred |

| Approving Supervisor (Print) | Supervisor ID. | Date/Time |
|---|---|---|
| GARIBAY,ADALBERTO | 55477 | 10/16/2020 01:15:36 |

| Hair Description | Facial Features |
|---|---|
| | |

| Deformity | Speech | Demeanor | Mask | Glasses |
|---|---|---|---|---|
| | | | | |

| Body Clothing | Further Description |
|---|---|
| | |

**Address**

| Address Type | Location | City | State | Zip |
|---|---|---|---|---|
| **Home** | [redacted] | [redacted] | [redacted] | [redacted] |

**Phone Number**

| Phone Type | Phone Number |
|---|---|
| **Cell** | [redacted] |

**Email**

| Email Type | Email Address |
|---|---|
| | |

**ID Number**

| ID Number Type | ID Number | License State |
|---|---|---|
| **Operator License** | [redacted] | **California** |

**SMT**

| Type | Code | Description |
|---|---|---|
| | | |

**Alias**

| Alias Name | Race | DOB |
|---|---|---|
| | | |

**Employment or School**

| Employer/School | Position | Location | City | Phone Number |
|---|---|---|---|---|
| | | | | |

**Offense Link**

| Link | Offense No. | Offense | Description |
|---|---|---|---|
| | | | |

**Other**

| Invl. No. | Name | Type | Dom. Vol. | Juvenile | DOB | Age | To Age |
|---|---|---|---|---|---|---|---|
| 3 | **TAYLOR,AGNES JANE BANQUERIGO** | **Individual** | **No** | **No** | [redacted] | **50** | |

| Race | Sex | Height | To Height | Weight | To Weight |
|---|---|---|---|---|---|
| **Asian** | **Female** | **502** | | **140** | |

| Hair | Eye | Skin | General Appearance | Build |
|---|---|---|---|---|
| **Black** | **Brown** | **Brown** | | **Average** |

| Hair Description | Facial Features |
|---|---|
| | |

| Deformity | Speech | Demeanor | Mask | Glasses |
|---|---|---|---|---|
| | | | | |

| Body Clothing | Further Description |
|---|---|
| | |

**Address**

| Address Type | Location | City | State | Zip |
|---|---|---|---|---|
| **Home** | [redacted] | [redacted] | [redacted] | [redacted] |

**Phone Number**

Distribution List
**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) | Date/Time Written | Disposition |
|---|---|---|
| **DYER,JORDAN** | **10/15/2020 23:41:00** | **Referred** |
| Approving Supervisor (Print) | Supervisor ID. | Date/Time |
| **GARIBAY,ADALBERTO** | **55477** | **10/16/2020 01:15:36** |

| Phone Type | Phone Number |
|---|---|
| Cell | [redacted] |

**Email**

| Email Type | Email Address |
|---|---|
| | |

**ID Number**

| ID Number Type | ID Number | License State |
|---|---|---|
| Operator License | [redacted] | California |

**SMT**

| Type | Code | Description |
|---|---|---|
| | | |

**Alias**

| Alias Name | Race | DOB |
|---|---|---|
| | | |

**Employment or School**

| Employer/School | Position | Location | City | Phone Number |
|---|---|---|---|---|
| | | | | |

**Offense Link**

| Link | Offense No. | Offense | Description |
|---|---|---|---|
| | | | |

**Other**

| Invl. No. | Name | Type | Dom. Vol. | Juvenile | DOB | Age | To Age |
|---|---|---|---|---|---|---|---|
| 4 | TAYLOR,GERALD CLIFTON | Individual | No | No | [redacted] | 55 | |

| Race | Sex | Height | To Height | Weight | To Weight |
|---|---|---|---|---|---|
| Other | Male | 511 | | 200 | |

| Hair | Eye | Skin | General Appearance | Build |
|---|---|---|---|---|
| Black | Brown | Brown | | Average |

| Hair Description | Facial Features |
|---|---|
| | |

| Deformity | Speech | Demeanor | Mask | Glasses |
|---|---|---|---|---|
| | | | | |

| Body Clothing | Further Description |
|---|---|
| | |

**Address**

| Address Type | Location | City | State | Zip |
|---|---|---|---|---|
| Home | [redacted] | [redacted] | [redacted] | [redacted] |

**Phone Number**

| Phone Type | Phone Number |
|---|---|
| | |

**Email**

| Email Type | Email Address |
|---|---|
| | |

**ID Number**

| ID Number Type | ID Number | License State |
|---|---|---|
| | | |

**SMT**

Distribution List

**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) | Date/Time Written | Disposition |
|---|---|---|
| DYER,JORDAN | 10/15/2020 23:41:00 | Referred |
| **Approving Supervisor (Print)** | **Supervisor ID.** | **Date/Time** |
| GARIBAY,ADALBERTO | 55477 | 10/16/2020 01:15:36 |

| Type | Code | Description |
|---|---|---|
| | | |

**Alias**

| Alias Name | Race | DOB |
|---|---|---|
| | | |

**Employment or School**

| Employer/School | Position | Location | City | Phone Number |
|---|---|---|---|---|
| | | | | |

**Offense Link**

| Link | Offense No. | Offense | Description |
|---|---|---|---|
| | | | |

## Vehicle

Field Contact

| Type | License No. | State | Lic. Year | License Type |
|---|---|---|---|---|
| **Auto** | [redacted] | **CA** | **2020** | **Regular Passenger Automobile Plates** |

| Make | Model | VIN | Year |
|---|---|---|---|
| **Ford** | **Expedition** | **1FMPU18L3YLA97577** | **2000** |

| Style | Color | Lights Out | Damage | Value |
|---|---|---|---|---|
| **4-door Automobile** | **Black** | | | |

| Windows Type | Tire Pattern | # Ocpts |
|---|---|---|
| | | **4** |

| Disposition | Dispo. Date | Storage |
|---|---|---|
| | | |

| Modification | Special Features |
|---|---|
| | |

**Recovery**

| Rcv Date | Stolen/Recovered Location | Rcv Value | Location Type | Damage | General Condition |
|---|---|---|---|---|---|
| | | | | | |

| Recovery Location | Recovery City | State | District | Beat | Area |
|---|---|---|---|---|---|
| | | | | | |

**Towed**

No Towing Info Found

**Person Link**

| Link | Person Involvement | Name | DOB |
|---|---|---|---|
| **Driver** | **Other** | **TAYLOR,GERALD CLIFTON** | [redacted] |
| **Arrested** | **Arrested Person** | **TAYLOR,LOVELL** | [redacted] |
| **Passenger** | **Other** | **TEUILA,FAILAUGA** | [redacted] |
| **Passenger** | **Other** | **TAYLOR,AGNES JANE BANQUERIGO** | [redacted] |

## Vessel

No Vessel Found

## Property

Evidence

| Invl. Date | Article | Brand | Model |
|---|---|---|---|
| **10/15/2020** | **Guns/Firearms** | | |

| Owner Applied To | Serial Number | Value | Security? | # Pieces |
|---|---|---|---|---|
| | **BHEM980** | | **No** | |

Description
**Black glock 21 handgun**

| Make | Type/Cat | Finish |
|---|---|---|
| | | |

Distribution List
**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) | Date/Time Written | Disposition |
|---|---|---|
| **DYER,JORDAN** | **10/15/2020 23:41:00** | **Referred** |

| Approving Supervisor (Print) | Supervisor ID. | Date/Time |
|---|---|---|
| **GARIBAY,ADALBERTO** | **55477** | **10/16/2020 01:15:36** |

| CONTRA COSTA, COUNTY OFFICE OF THE SHERIFF | | Report Number 200010688 | Sup. No. ORIG | Page 6 of 9 |
|---|---|---|---|---|

| Glock, Inc. | | Pistol, semi-automatic | | Black |
|---|---|---|---|---|
| Caliber **45 caliber** | | Barrel Length | Barrel Type **Single** | Action **Semi-automatic** | Country **California** |

### Recovery

| Rcv Date | Rcv Value | | Damaged | | | | |
|---|---|---|---|---|---|---|---|
| Recovery Location | | Recovery City | State | District | Beat | Area |

### Person Link

| Link | Person Involvement | Name | DOB |
|---|---|---|---|
| **Arrested** | **Arrested Person** | **TAYLOR,LOVELL** | ██████ |

| Invl. Date **10/15/2020** | Article **Other** | | | Brand **GLOCK** | Model |
|---|---|---|---|---|---|
| Owner Applied To | | Serial Number | Value | Security? **No** | # Pieces **2** |

Description
**10 round and 26 round magazines (loaded)**

### Recovery

| Rcv Date | Rcv Value | | Damaged | | | | |
|---|---|---|---|---|---|---|---|
| Recovery Location | | Recovery City | State | District | Beat | Area |

### Person Link

| Link | Person Involvement | Name | DOB |
|---|---|---|---|
| **Arrested** | **Arrested Person** | **TAYLOR,LOVELL** | ██████ |

| Invl. Date **10/15/2020** | Article **Other** | | | Brand | Model |
|---|---|---|---|---|---|
| Owner Applied To | | Serial Number | Value | Security? **No** | # Pieces **1** |

Description
**Black hand bag**

### Recovery

| Rcv Date | Rcv Value | | Damaged | | | | |
|---|---|---|---|---|---|---|---|
| Recovery Location | | Recovery City | State | District | Beat | Area |

### Person Link

| Link | Person Involvement | Name | DOB |
|---|---|---|---|
| **Arrested** | **Arrested Person** | **TAYLOR,LOVELL** | ██████ |

## Modus Operandi

No Modus Operandi found

## Narrative

For ease of reading, first names will be used throughout this report.

On 10/15/2020, I was working county patrol assigned to Muir Station.  I was wearing a full Deputy Sheriff's uniform with "Contra Costa County Sheriff" patches on both shoulders and a Deputy Sheriff's badge on my chest identifying me as a police officer.  I was assigned vehicle #2572 which is a fully marked Sheriff's Office patrol vehicle equipped with overhead red and blue emergency lights and an audible siren.  Prior to the beginning of my shift I ensured my patrol vehicle had a properly functioning solid red forward facing lamp.

Distribution List
**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) **DYER,JORDAN** | Date/Time Written **10/15/2020 23:41:00** | Disposition **Referred** |
|---|---|---|
| Approving Supervisor (Print) **GARIBAY,ADALBERTO** | Supervisor ID. **55477** | Date/time **10/16/2020 01:15:36** |

LT-000013



At approximately 0239 hours, I was parked observing traffic on Willow Pass Road near the off ramp to Eastbound Highway 4. As I was watching traffic, I observed a black Ford Expedition exiting Westbound Highway 4. As the Ford came to the four way stop sign at the bottom of the off ramp, the vehicle failed to come to a complete stop in violation of CVC 22450 - stop sign violation. The Ford made a left turn and began driving Northbound on Willow Pass Road to Evora Road. As I attempted to catch up to the Ford to conduct a traffic enforcement stop for the stop sign violation, the Ford quickly turned left onto the on ramp for Westbound Highway 4. The Ford quickly accelerated to speeds of approximately 80-85 MPH. The posted speed limit on this portion of Highway 4 is 65 MPH which was a violation of CVC 22350 - basic speed law. As I caught up to the Ford, I observed it abruptly change lanes from the number 4 lane all the way over to the number 1 lane. At no time did the Ford's turn signal activate prior to making any lane change which was a violation of CVC 22107 - failure to use turn signal. There were approximately three other motorists on the roadway who had to apply there brakes to prevent a collision with the Ford.

I activated the overhead red and blue emergency lights on my patrol vehicle to conduct a traffic enforcement stop on the Ford for the CVC violations I observed. The Ford exited onto Solano Way from Westbound Highway 4. As the Ford came to a stop, I used the overhead flood lights on my patrol vehicle as well as the driver side spotlight to illuminate the interior of the Ford. As I approached the Ford on foot, I observed the right rear seat passenger (ARR-Lovell Taylor) begin reaching around near the floorboard of the vehicle where his feet were. I then observed Lovell place an unknown item on the seat next to his left thigh. The item he placed on the seat was between himself and the left rear seat passenger (OTHER-Teuila Failauga). I stopped at the left rear passenger door and used my hand held flashlight to illuminate the area where Lovell was reaching around. I could see Lovell moving a black jacket between himself and Failauga. I asked everyone in the vehicle to place there hands on the head rest and dashboard of the vehicle where I could see them.

I contacted the driver of the vehicle OTHER-Gerald Taylor, who provided me with a Hawaii drivers license. I asked the front seat passenger, OTHER-Agnes Taylor, if she had any identification on her. Agnes provided me with a valid California driver's license. After collecting everyones driver's licenses I asked if anyone in the vehicle was on probation or parole. Lovell Taylor informed me he was on CDC parole for armed carjacking and had been released from jail approximately two weeks prior. I had my partner Deputy Mazza standby with the occupants of the vehicle while I returned to my patrol vehicle to conducted a records check of all the occupants of the vehicle.

A records check confirmed Lovell Taylor was on active CDC parole with a discharge date of 12/15/2022 (Docket #11641515). I also learned that Lovell was on active felony probation out of Alameda County for being in possession of a firearm. Lovell's felony probation terms state he shall submit to a search of his property and person, obey all laws, and not commit an offense with a discharge date of 7/29/2023 (Docket #1454144). See attached copies of Lovell's parole abstract and probation abstract.

After conducting the records checks and confirming Lovell's active parole and felony probation, I returned to the vehicle on the passenger side. I asked Lovell if he would step out of the vehicle so I could conduct a search of him and the area he was seated per the terms of his parole and probation. Lovell complied and exited the vehicle to be searched. Nothing of evidentiary value was located on Lovell's person. I asked Lovell to take a seat on the curb between my patrol vehicle and the vehicle he had just exited. I asked Lovell if there was anything illegal in the vehicle. Lovell appeared to become nervous and stated, I really don't want to go back to jail. I told Lovell that I was aware he had been arrested for firearms before and asked him if there was a firearm in the vehicle right now. Lovell looked up at me and shook his head up and down horizontally as if he were gesturing "Yes." I placed Lovell in handcuffs and had him remain seated on the curb. I had all occupants step out of the vehicle one at a time to be detained in handcuffs for my safety.

| Distribution List | | |
|---|---|---|
| SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION | | |
| Additional Routing | | |
| Reporting Deputy (Print)<br>**DYER,JORDAN** | Date/Time Written<br>**10/15/2020 23:41:00** | Disposition<br>**Referred** |
| Approving Supervisor (Print)<br>**GARIBAY,ADALBERTO** | Supervisor ID.<br>**55477** | Date/Time<br>**10/16/2020 01:15:36** |

After everyone was searched for weapons and placed in handcuffs, I asked them to take a seat on the curb near Lovell. Deputies on scene stood by with the occupants of the vehicle as I began my search of the rear passenger seat where Lovell was seated. I picked up the jacket I observed Lovell place on top of an object on the seat next to him. As I picked up the jacket, I observed a black hand bag on the seat underneath it. I picked up the black hand bag and unzipped it to search the contents inside. I immediately saw the handgrip of a firearm inside the hand bag along with a separate high capacity magazine. I photographed the hand bag where I located it after discovering the firearm inside.

I then removed the firearm from the hand bag and removed the magazine from the firearm. I inspected the magazine I removed from the firearm and discovered it was loaded with nine live rounds of 45 caliber ammunition. I then locked the slide of the handgun to the rear and expelled one round of 45 caliber ammunition from the chamber of the firearm. I removed the high capacity magazine from the inside of the hand bag. The high capacity magazine had twenty five live rounds of 45 caliber ammunition. After ensuring the firearm was completely unloaded, I conducted a function test of the firearm. I determined the firearm was in full working condition capable of being fired.

I conducted a records check of the firearm (Glock 21, Serial #BHEM980) through Sheriff's Dispatch. Sheriff's Dispatch informed me there was no record on file and the firearm was unregistered. I placed everything back inside the hand bag and secure all evidence in the trunk of my patrol vehicle for safety. See attached photographs.

After securing the firearm in my patrol vehicle, I escorted Lovell from the curb to my patrol vehicle. I read Lovell his Miranda Rights from my department issued Miranda Waiver Card. After reading Lovell his Miranda Rights I asked him if he understood and he responded, "Yes." I attempted to ask Lovell questions regarding the firearm I located inside the vehicle where he had been sitting. Lovell did not answer any of my questions regarding the firearm. I concluded my interview with Lovell. I had Lovell take a seat in the back of my patrol vehicle.

I walked over to Teuila and asked to speak with her. Teuila stood up and walked with me approximately 15 feet away. I asked Teuila how she knew the other people in the vehicle she was with. Teuila told me she has been in a dating relationship with Lovell for over one year. I explained to Teuila I had located a handgun in the vehicle. I asked Teuila if she knew was aware there was a firearm in the vehicle. Teuila admitted she was aware that Lovell had a firearm on him that night. Teuila stated, she had seen Lovell bring the firearm with them in the vehicle when they left the City of Antioch prior to me stopping them. I asked Teuila if Lovell she had seen Lovell carry that same firearm before today. Teuila admitted she has seen Lovell carry that firearm on more than one occasion in the past few days. Teuila believed Lovell was only carrying the firearm because they were on their way to a casino and believed he might need protection. Teuila had nothing further to tell me regarding this incident.

After speaking with Teuila, I asked to speak with Agnes regarding this incident. The following is Agnes' statement to me in summary regarding this incident.

Agnes informed me she is married to Gerald and Gerald is Lovell's older brother. I asked Agnes where they were heading prior to me stopping them. Agnes stated they were heading to Cache Creek Casino to gamble. Agnes informed me her cell phone was on the front passenger seat and I could see that there were directions on the screen for Cache Creek Casino. I asked Agnes if she was aware there was a firearm located in the vehicle. Agnes said she had no knowledge of there being a firearm in the vehicle. Agnes had no further information to provide me regarding this incident.

I then spoke to Gerald regarding this incident. The following is his statement to me in summary regarding this incident.

Gerald stated they were on their way to Cache Creek Casino when he saw my emergency lights and was pulled over. Gerald denied knowing there was a firearm in the vehicle. Gerald stated, "If I had known Lovell had a gun I would

| Distribution List | | |
|---|---|---|
| SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION | | |
| Additional Routing | | |
| Reporting Deputy (Print)<br>DYER,JORDAN | Date/Time Written<br>10/15/2020 23:41:00 | Disposition<br>Referred |
| Approving Supervisor (Print)<br>GARIBAY,ADALBERTO | Supervisor ID.<br>55477 | Date/Time<br>10/16/2020 01:15:36 |

have told him to leave that at home." Gerald had no further information to provide me regarding this incident.

I informed Lovell he was being placed under arrest for possession of the firearm. Lovell was transported to the Martinez Detention Facility and booked on the listed charges.

I contacted the California Department of Corrections and spoke with Agent Tejeda who issued a parole hold on Lovell.

I determined Teuila, Agnes, and Gerald were not being charged with the firearm located in the vehicle and were released at the scene with the vehicle.

See attached photographs of the vehicle and firearm.

I logged all evidence into the Concord Evidence Room following the conclusion of my arrest.

Sgt. Meth was advised.

ATTACHEMENTS:

1) Lovell's parole and probation abstracts.

2) Vehicle registration on the Ford Expedition.

3) AFS unregistered firearm abstract.

4) Ten digital photographs.

Distribution List
**SERGEANT OF CASE TEAM, INVESTIGATION CAPTAIN, GENERAL INVESTIGATIONS SERGEANT, PATROL CAPTAIN, PROPERTY, MUIR STATION**

Additional Routing

| Reporting Deputy (Print) | Date/Time Written | Disposition |
|---|---|---|
| **DYER,JORDAN** | **10/15/2020 23:41:00** | **Referred** |
| Approving Supervisor (Print) | Supervisor ID. | Date/Time |
| **GARIBAY,ADALBERTO** | **55477** | **10/16/2020 01:15:36** |

Evaluation Warning : The document was created with Spire.PDF for .NET.

| Report Number | Sup. No. |
|---|---|
| 200010688 | 0000 |

0004

Rear of vehicle.png

0006

Driver side view of rear passenger seat.png

0005

Front of vehicle.png

0007

Rear seat with black jacket and black hand bag.png

| Report Number | Sup. No. |
|---|---|
| 200010688 | 0000 |

0008

Inside of black hand bag with firearm.png

0009

Firearm and high capacity magazine removed from hand bag.png

0010

Firearm, magazine from gun, high capacity magazine, and live round from chamber.

0011

Balck hand bag.png

| Report Number | Sup. No. |
|---|---|
| 200010688 | 0000 |

0012

High capacity magazine.png

0013

BHEM980

Serial number on firearm.png

LT-000019

```
Message From Terminal/Unit:  SC32    Operator:  ANADE001(NADEAU,AMANDA)
Originally Sent To: MDO4
Date/Time Sent:  15-OCT-2020 19:01:03
 Forwarded Message

Original message, forwarded:

Message From Terminal/Unit:  STDR    Operator:  STDR
Originally Sent To: SC31
Date/Time Sent:  15-OCT-2020 05:15:43

 02CLET.CGJ0..10.ECHO#95758.4CGJ0SC3100.IR
 CA0070014  RE: QVC.CA0070014.NAM/TAYLOR,LOVELL.SEX/M.DOB/[redacted]
MATCH MADE ON NAM/TAYLOR,LOVELL
NAME FIELD SEARCH REVEALS:
SRF HIT # 001

HIT MADE ON NAM/TAYLOR,LOVELL DAMION
** NOT A WARRANT** CDC PAROLE RECORD **NOT A WARRANT **
** DO NOT ARREST OR DETAIN BASED SOLELY ON THIS RESPONSE **
ENT/1
NAM/TAYLOR,LOVELL DAMION SEX/M DOB/[redacted] RAC/S HGT/600
WGT/185 EYE/BRO OLN/[redacted]2.CA.9999 SOC/[redacted]
CII/A12094137 FBI/558010HB8 OCA/11641515 CDC/G50000
RESIDENCE COUNTY/UNKNOWN CITY/DUBLIN
         ********CDC PAROLE INFORMATION********
PRIMARY OFFENSE/PC45736
BEGIN PAROLE/20191216 DISCHARGE DATE/20221215
AKA/TAYLOR,LOVELL C                  TAYLOR,LOVELL SAUASO
    TAYLOR,MACKINASSVEL
AGENCY/CA DEPT OF CORRECTIONS ORI/CA038015G
CONTACT/TEJEDA,ALEJANDRO
PHONE/510 571-7738
MISC/SAN FRANCISCO
         ************CONTACT MESSAGE***********
NUMBER OF PRIOR CONTACT MSGS/ 1
SEND CONTACT MESSAGE IDENTIFYING CLETS MNE/CRP0
RECORD TYPE/CDC AND IDN/G50000 , OR ONLY FCN/7141935000739

CONTACT #01
NOTICE OF CDC PAROLE CONTACT
TIME/033327  DATE/20200306
ORI/CA0019970  CHP-HAYWARD #2
IDN/G50000 STATUS/BOOKED
OFFICER'S NAME/RIS,21803
CALL BACK TELEPHONE/707 641-8300 NO CALL BACK REQUESTED
CHARGE(S)/298004 466 25850 PC
COMMENTS/LG2958

SRF HIT # 002

HIT MADE ON NAM/TAYLOR,LOVELL S
** NOT A WARRANT** COUNTY PROBATION RECORD **NOT A WARRANT **
** DO NOT ARREST OR DETAIN BASED SOLELY ON THIS RESPONSE **
ENT/1
NAM/TAYLOR,LOVELL S SEX/M DOB/[redacted] RAC/B HGT/601
WGT/180 EYE/BRO HAI/BLK SOC/[redacted]
CII/12094137 OCA/1454144
RESIDENCE COUNTY/UNKNOWN CITY/ANTIOCH
         ********COUNTY PROBATION INFORMATION********
PRIMARY OFFENSE/PC29800(A)
BEGIN PROBATION/20200729 DISCHARGE DATE/20230729
AGENCY/ALAMEDA CO PROB DEPT ORI/CA001013G
```

CONTACT/LETT,ESTIAL
PHONE/510 268-7239
************CONTACT MESSAGE***********
NUMBER OF PRIOR CONTACT MSGS/ 0
SEND CONTACT MESSAGE IDENTIFYING CLETS MNE/PDA0
RECORD TYPE/PRO AND IDN/1454144 , OR ONLY FCN/6272021200430

CHECKING NCIC
********* END OF SUPERVISED RELEASE FILE MESSAGE *********

Evaluation Warning : The document was created with Spire.PDF for .NET.

```
 Message From Terminal/Unit:  SC32    Operator:  ANADE001(NADEAU,AMANDA)
Originally Sent To: MD04
Date/Time Sent:  15-OCT-2020 19:01:37
 Forwarded Message

Original message, forwarded:

Message From Terminal/Unit:  STDR    Operator:  STDR
Requested By:  1Z20
Date/Time Sent:  15-OCT-2020 02:48:00

 02CLET.CGH0..10.ECHO#95532.4CGH0SC2200.IV

DATE: 10/15/20 TIME: 02:48
INSURANCE INFORMATION UNKNOWN
REG VALID FROM: 06/18/19 TO 06/18/20
LIC#: [REDACTED] YRMD:00 MAKE:FORD BTM :UT VIN :1FMPU18L3YLA97577
R/O :THOMPSON TOMMY E, [REDACTED]
RCID:08/31/19 OCID:03/12/20 LOCD:4
L/O :LOANMART, 15400 SHERMAN WAY STE 170 CITY:VAN NUYS ZIP :91406
TYPE:11 POWR:G VEH :17 BODY:0 CLAS:CL *-YR:14 EQP#:2873514
REC STATUS:
07/21/2020    DELINQUENT NOTICE EXTRACTED
09/25/20 ELECTRONIC SMOG CERT VALID UNTIL 12/24/20

02/09/20 SMOG INSPECTION AT STAR STATION REQD
07/05/13 PREV LIC     020396W

RELEASE OF LIABILITY (REG. 138)
RECEIPT DATE:07/27/20  TRANSFER DATE:07/21/20
BUYER:HEAVENLY AUTOS, 8105 EDGEWATER DR UNIT 119
CITY:OAKLAND   SELLER:SAME AS L/O ON FILE

RELEASE OF LIABILITY (REG. 138)
RECEIPT DATE:07/27/20  TRANSFER DATE:07/27/20  SELL PRICE:001000
BUYER:HILLS JR TIMOTHY, [REDACTED]
CITY:OAKLAND CA   SELLER:NOT THE SAME AS ON FILE

RELEASE OF LIABILITY (REG. 138)
RECEIPT DATE:07/31/20  TRANSFER DATE:07/30/20  SELL PRICE:001000
BUYER:HEAVENLY AUTOS, [REDACTED]
CITY:OAKLAND CA   SELLER:SAME AS PREVIOUS BUYER

RELEASE OF LIABILITY (REG. 138)
RECEIPT DATE:08/04/20  TRANSFER DATE:08/04/20  SELL PRICE:000700
BUYER:HILLS TIMOTHY, [REDACTED]
CITY:OAKLAND CA   SELLER:SAME AS PREVIOUS BUYER

RELEASE OF LIABILITY (REG. 138)
RECEIPT DATE:08/19/20  TRANSFER DATE:08/19/20  SELL PRICE:000700
BUYER:HEAVENLY AUTOS, [REDACTED]
CITY:OAKLAND CA   SELLER:SAME AS PREVIOUS BUYER

CLEARANCE INFORMATION RECORDS:
OFFICE   WORK DATE    TECH/ID   SEQ #    VALUE    FICHE DATE    TTC
```

| | | | | | | |
|---|---|---|---|---|---|---|
| 554 | 06/08/17 | 85 | 0036 | 00139.00 | 00/00/00 | H00 |
| IN2 | 04/30/18 | 41 | 7308 | 00014.00 | 00/00/00 | FR3 |
| 554 | 07/05/18 | 20 | 0001 | 00223.00 | 00/00/00 | H00 |
| AKV | 07/16/18 | Z6 | 0086 | 00000.00 | 00/00/00 | Z06 |
| VE0 | 09/05/18 | DW | 0081 | 00015.00 | 09/06/18 | F10 |
| VE0 | 09/04/18 | DW | 0011 | 00015.00 | PRIOR SUSPENSE | |
| IN2 | 08/16/19 | 40 | 7064 | 00014.00 | 08/16/19 | FR3 |
| 554 | 08/31/19 | 38 | 0004 | 00261.00 | 09/06/19 | H00 |
| 554 | 08/27/19 | E2 | 0001 | 00261.00 | PRIOR SUSPENSE | |
| FHK | 03/12/20 | VT | 6227 | 00000.00 | 00/00/00 | Z04 |

12/03/2014-ODOMETER: 153,629 MILES ACTUAL MILEAGE

END

Message From Terminal/Unit: SC32 Operator: ANADE001(NADEAU,AMANDA)
Originally Sent To: MDO4
Date/Time Sent: 15-OCT-2020 19:01:18
Forwarded Message

Original message, forwarded:

Message From Terminal/Unit: STDR Operator: STDR
Requested By: 1Z20
Date/Time Sent: 15-OCT-2020 02:57:48

02CLET.CGH0..10.ECHO#95548.4CGH0SC2200.IG
RE: QGB.CA0070014.SER/BHEM980
RESPONSE TO QGB INQUIRY

NO RECORD IN AFS

CHECKING NCIC
END AFS RESPONSE.

# EXHIBIT 3

# Detailed History for Police Incident #P202890068 As of 10/27/2020 17:17:28

Output for: 66677

Priority:3 Type:1700 - OTHER FELONY
Location:WB SR 4/SOLANO WY, MAR <13699/ 1598>
LocAddInfo:alias WB HWY 4/SOLANO WY
Map:572D5

| | | | |
|---|---|---|---|
| Created: | 10/15/2020 02:39:56 | SC22 | MMALI001 |
| Entered: | 10/15/2020 02:39:56 | SC22 | MMALI001 |
| Dispatch: | 10/15/2020 02:39:56 | SC22 | MMALI001 |
| Enroute: | 10/15/2020 02:39:56 | SC22 | MMALI001 |
| Onscene: | 10/15/2020 02:39:56 | SC22 | MMALI001 |
| Control: | 10/15/2020 02:51:42 | SC22 | MMALI001 |
| Transprt: | 10/15/2020 03:48:13 | SC22 | MMALI001 |
| Complete: | 10/15/2020 03:56:39 | 3629 | NMAZZ001 |
| Closed: | 10/15/2020 05:59:22 | 3629 | NMAZZ001 |

CERTIFIED COPY OF ORIGINAL MASTER
CONTRA COSTA COUNTY SHERIFF
COMMUNICATIONS CENTER
[signature] 10-27-20
CUSTODIAN OF RECORDS DATE

ICUnit: PrimeUnit:1Z20 Dispo:ARR Type:1700 - OTHER FELONY
Agency:SP DAREA:MUIR :20 :1086
Case #:SP200010688 ☑Detail

| | | | |
|---|---|---|---|
| 02:39:56pdt | CREATE | MMALI001/SC22 | Location:WB SR 4/SOLANO WY, MAR Type:T DAREA:MUIR RD:1086 Plate:BLK FORD EX N Description:Traffic Stop LocDesc: <13699/ 1598> LocAddInfo:alias WB HWY 4/SOLANO WY Priority:E Agency:SP Map:572D5 LocType:H |
| 02:39:56 | ENTRY | | Plate:BLK FORD EX N |
| 02:39:56 | DISPOS | | 1Z20 Location:WB SR 4/SOLANO WY, MAR Operator:75764 OperNames:DYER,JORDAN |
| 02:39:56 | -PRIU | | 1Z20 |
| 02:39:57 | RFT | | 1Z20 Plate:BLK FORD EX N |
| 02:39:56 | -PREMIS | | Comment:PPR |
| 02:39:56 | MISCN | | 1Z20 Comment:NO PLTS |
| 02:39:57 | *BACKER | NMAZZ001/3629 | 1Z22 UnitID:1Z20 Location:WB SR 4/SOLANO WY, MAR Operator:NMAZZ001 DDELC001 OperNames:MAZZA,NICHOLAS; DEL CHIARO,DARREN |
| 02:42:57 | *ONSCN | | 1Z22 |
| 02:43:46 | RFT | MMALI001/SC22 | 1Z20 Repeat:Yes |
| 02:43:46 | RFT | | 1Z20 Comment:INQUIRY Q..........1FM2U18L3YLA97577.... |
| 02:44:03 | RFT | | 1Z20 Repeat:Yes |
| 02:44:03 | RFT | | 1Z20 Comment:INQUIRY Q,,,,,,,,,,1FM2U18LYLA97577,,,, |
| 02:44:27 | *RFT | 75764/2572 | 1Z20 Comment:INQUIRY REDACTED TAYLOR,LOVELL,M,... |
| 02:44:27 | *RFT | | 1Z20 Comment:INQUIRY Q,TAYLOR,LOVELL,MREDACTED,,,,,,,,,,,, |
| 02:45:31 | *RFT | | 1Z20 Comment:INQUIRY MQREDACTED,FAILAUGA,TEUILA,F,,,, |
| 02:45:31 | *RFT | | 1Z20 Comment:INQUIRY Q,FAILAUGA,TEUILA,F,REDACTED,,,,,,,, |
| 02:45:52 | *RFT | | 1Z20 Comment:INQUIRY MQREDACTED,TAYLOR,AGNES,F,,,, |

| | | | |
|---|---|---|---|
| 02:45:52 | *RFT | | 1Z20 Comment:INQUIRY Q,TAYLOR,AGNES,F, REDACTED ,.......... |
| 02:46:23 | *RFT | | 1Z20 Comment:INQUIRY MQW,( REDACTED TAYLOR,GERALD,M,... |
| 02:46:23 | *RFT | | 1Z20 Comment:INQUIRY Q,TAYLOR,GERALD,M REDACTED ,.......... |
| 02:47:56 | RFT | MMALI001/SC22 | 1Z20 Repeat:Yes |
| 02:47:56 | RFT | | 1Z20 Comment:INQUIRY Q,.........,1FMPU18L3YLA97577,... |
| 02:48:22 | LOGM | | Message:992010150948010351 MessageType:Text Received:10/15/2020 02:47:58 Comment:28 |
| 02:51:42 | OK | | 1Z20 1Z22 |
| 02:57:37 | RFT | | 1Z20 Repeat:Yes |
| 02:57:37 | RFT | | 1Z20 Comment:INQUIRY QG,......,BHEM980,...... |
| 02:57:44 | RFT | | 1Z20 Repeat:Yes |
| 02:57:44 | RFT | | 1Z20 Comment:INQUIRY QG,QUERY AFS - STOLEN AND DROS,..... BHEM980,...... |
| 02:58:12 | LOGM | | Message:992010150958010407 MessageType:Text Received:10/15/2020 02:57:46 Comment:NO RECORD ON FILE FOR THE GUN |
| 02:58:33 | MISCN | | 1Z20 Comment:*GLOCK 21 |
| 03:47:09 | LOGM | | 1Z20 Message:992010151047010722 MessageType:Text Received:10/15/2020 03:46:54 Comment:1 IC ON GUN CHARGES |
| 03:48:13 | TRANSP | | 1Z22 Location:SO MDF BOOKING SALLYPORT, MAR Mileage:0 Comment:PER 1Z22 |
| 03:48:33 | MISCN | | Comment:1W43 COPIES |
| 03:52:15 | *CASE | 75764/2572 | 1Z20 Case#:SP200010688 |
| 03:52:42 | RFT | 76855/HQ02 | 1Z20 Repeat:Yes |
| 03:52:42 | RFT | | 1Z20 Comment:INQUIRY Q,TAYLOR,LOVELL,M, REDACTED ,.......... |
| 03:52:56 | LOGM | | Message:992010151052010773 MessageType:Text Received:10/15/2020 03:52:49 Comment:LOGM |
| 03:56:39 | *CMPLT | NMAZZ001/3629 | 1Z22 Mileage:5.4 |
| 03:57:36 | OK | 72190/SC26 | 1Z22 |
| 03:58:25 | CONTCT | | 1Z20 Contact:0 |
| 04:03:13 | CONTCT | | 1Z20 1Z22 Contact:0 |
| 04:18:30 | *RFT | 75764/2572 | 1Z20 Comment:INQUIRY MQW,( REDACTED ,TAYLOR,LOVELL,M,... |
| 04:18:30 | *RFT | | 1Z20 Comment:INQUIRY Q,TAYLOR,LOVELL,M REDACTED ,.......... |
| 04:21:25 | *RI | NMAZZ001/3629 | 1Z22 |
| 04:23:33 | LOGM | 72190/SC26 | 1Z20 Message:992010151123010986 MessageType:Text Received:10/15/2020 04:23:11 Comment:LOGM |
| 04:23:30 | CLOS | | 1Z20 Location:SO PROPERTY AND EVIDENCE, CON |
| 04:23:34 | OK | | 1Z20 |
| 04:25:41 | LOGM | | 1Z22 Message:992010151125010993 MessageType:Text Received:10/15/2020 04:24:31 Comment:DOCKET NUMBER FOR SUBJ TAYLOR PROB INFO? |
| 04:27:16 | RFT | | 1Z22 Comment:INQUIRY Q,TAYLOR,LOVELL,M, REDACTED .......... |
| 04:27:16 | RFT | | 1Z22 Repeat:Yes |
| 04:27:25 | RFT | | 1Z22 Repeat:Yes |
| 04:27:25 | RFT | | 1Z22 Comment:INQUIRY Q,... REDACTED ......... |
| 04:27:43 | MISCN | | Comment:RTD TO REC8 |
| 04:27:59 | LOGM | | 1Z22 Message:992010151127011014 MessageType:Text Received:10/15/2020 04:27:24 Comment:SUBJ TAYLOR |
| 04:29:21 | CONTCT | | 1Z20 Contact:0 |

CERTIFIED COPY OF ORIGINAL MASTER
CONTRA COSTA COUNTY SHERIFF
COMMUNICATIONS CENTER

REDACTED CUSTODIAN OF RECORDS 10-27-20 DATE

| | | | |
|---|---|---|---|
| 04:31:04 | MISC | 78459/SC33 | Comment:TAYLOR RE-ROUTED TO REC8 FOR PROB CHK |
| 04:31:41 | LOGM | | Message:992010151131011019 MessageType:Text Received:10/15/2020 04:32:16 Comment:NEG PROB |
| 04:34:26 | LOGM | | Message:992010151134011022 MessageType:Text Received:10/15/2020 04:35:02 Comment:NEG PROB (ALCO AND COCO) |
| 04:44:08 | MISCN | 72190/SC26 | Comment:PER RECORDS, ALCO RECORDS IS UNABLE TO LOCATE PROB FOR THE SUBJ. RECORDS ADVD T□E PROB INFO TH□T IS IN SRF FOR THE SUBJ WAS ENTERED BY THE PROB OFCR SPECIFICALLY AND THE PROB OFCR WOULD HAVE TO BE CONTACTED DIRECTLY DURING BUSN HOURS FOR MORE INFO, SUCH AS A DOCKET # |
| 04:53:41 | *CLEAR | 75764/2572 | 1Z20 Type:T-->1700 Priority:E-->3 Dispo:ARR Comment:ARRESTED ON SEVERAL FIREARM CHARGES. PAROLE HOLD AND PROBATION VIOLATION. FIREARM AND EVIDENCE BOOKED INTO CONCORD EVIDENCE. |
| 05:17:15 | LOGM | ANADE001/SC31 | Message:992010151217011149 MessageType:Text Received:10/15/2020 05:15:41 Comment:SRF INFO |
| 05:47:58 | XREF | 75935/SC33 | Service:P Incident:#P202890111 Type:SUPP Agency:SP |
| 05:59:22 | *CLEAR | NMAZZ001/3629 | 1Z22 |
| 05:59:22 | -CLEAR | | |
| 05:59:22 | *CLOSE | | |

CERTIFIED COPY OF ORIGINAL MASTER
CONTRA COSTA COUNTY SHERIFF
COMMUNICATIONS CENTER

[signature] 10-27-2020

CUSTODIAN OF RECORDS DATE

# Detailed History for Police Incident #P202890111 As of 10/27/2020 17:17:39

Output for: 66677

Priority:3 Type:1739 - SUPPLEMENTAL REPORT
Location:WB SR 4/SOLANO WY, MAR <13699/ 1598>
LocAddInfo:alias WB HWY 4 AT SOLANO WY
LocDesc:** 1Z20
Map:572D5

CERTIFIED COPY OF ORIGINAL MASTER
CONTRA COSTA COUNTY SHERIFF
COMMUNICATIONS CENTER
[signature] 10-27-20
CUSTODIAN OF RECORDS DATE

| | | | |
|---|---|---|---|
| Created: | 10/15/2020 05:47:52 | SC33 | 75935 |
| Entered: | 10/15/2020 05:47:48 | SC33 | 75935 |
| Dispatch: | 10/15/2020 05:48:15 | SC11 | 64514 |
| Enroute: | 10/15/2020 05:48:22 | 2572 | 75764 |
| Onscene: | 10/15/2020 05:48:22 | 2572 | 75764 |
| Control: | 10/15/2020 05:48:22 | 2572 | 75764 |
| Closed: | 10/15/2020 05:57:36 | 2572 | 75764 |

ICUnit: PrimeUnit:1Z20 Dispo:CON Type:1739 - SUPPLEMENTAL REPORT
Agency:SP DAREA:MUIR :20 :1086 ☑Detail

| Time | Action | Operator | Details |
|---|---|---|---|
| 05:47:52pdt | CREATE | 75935/SC33 | Location:WB SR 4/SOLANO WY, MAR Type:SUPP LocDesc:** 1Z20 Name:PAROLE AGENT TEJEDA RPaddr:BERKELEY PAROLE Phone:510/571-7738 DAREA:MUIR RD:1086 Description:SUPPLEMENTAL REPORT LocDesc: <13699/ 1598> LocAddInfo:alias WB HWY 4 AT SOLANO WY Priority:3 Response:1PAT Agency:SP Map:572D5 LocType:H RPCnt?:T GeoLong:-122.053211 GeoLat:38.001135 |
| 05:47:48 | ENTRY | | Comment:RE DR SP20-10688, EOI RE PAROLEE TAYLOR YOU ARR'D LAST NIGHT |
| 05:47:48 | -PREMIS | | Comment:PPR |
| 05:47:58 | XREF | | Service:P Incident:#P202890068 Type:1700 Agency:SP |
| 05:47:59 | NOMORE | | |
| 05:48:02 | SELECT | 64514/SC11 | |
| 05:48:15 | DISP | | 1Z20 Operator:75764 OperNames:DYER,JORDAN |
| 05:48:15 | -PRIU | | 1Z20 |
| 05:48:16 | HOLD | | |
| 05:48:22 | *ONSCN | 75764/2572 | 1Z20 |
| 05:48:22 | *OK | | 1Z20 |
| 05:48:23 | CLOS | 64514/SC11 | 1Z20 Location:1021 |
| 05:48:25 | OK | | 1Z20 |
| 05:57:36 | *CLEAR | 75764/2572 | 1Z20 Type:SUPP-->1739 Dispo:CON Comment:EOI WITH THE PAROLE AGENT |
| 05:57:36 | -CLEAR | | |
| 05:57:36 | *CLOSE | | |

CONTACT INFO:

| Name | Phone | RPaddr | RPCnt? | Contact2 | Contact3 | AltPh# |
|---|---|---|---|---|---|---|
| PAROLE AGENT TEJEDA | 510/571-7738 | BERKELEY PAROLE | T | | | |